

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 11, 1947

Hon. John M. Steele      Opinion No. V-244
County Attorney
Lubbock County      Re: Obligation of county to
Lubbock, Texas            purchase right-of-way
                             for a highway across
                             lands once annexed and
                             then purportedly re-
                             linquished by a home
                             rule city.

Dear Sir:

       We refer to your letter of April 10, 1947, in
which you requested an opinion of this Department as
follows:

       "The city of Lubbock is a Home Rule
City since its organization in 1917. Prior
to 1934, the City annexed certain land. In
1934 the City, by Ordinance No. 519, a copy
of which I enclose, purported to relinquish
and discontinue the land described in the
Ordinance. The State Highway Commission
now proposes to construct a highway across
this disputed land. It is therefore neces-
sary to determine who is to purchase the
right-of-way, the City or the County.

       "It is the contention of the County of
Lubbock that the purported Ordinance is in-
valid and of no force and effect, and there-
fore, it is the obligation of the city of
Lubbock to purchase such right-of-way. In
this connection, I would also call your
attention to Article 1176 b2, 'validation of
ordinances of Home Rule cities', published
in compliance with charters. Article 973
'discontinuing territory', and in connection
with the later article, note the word 'unin-
habited'. It is the contention of the County
that this territory was at that time inhabi-
ted. I would appreciate your very valued
opinion on this controversy.

"It is the contention of the County that other than Article 973, there is no provision for discontinuing territory and that the proposed ordinance enclosed in this letter is insufficient, legally, to discontinue territory of a city once it is annexed. I would further call your attention, if it would be of any help, that in 1934 the city of Lubbock was liable on several outstanding bond issues." (Emphasis ours)

On May 10, 1947, at our request, you submitted additional information relating to the same subject matter which is in part as follows:

". . . we wish to call your attention to a special act passed by the 43d Legislature in 1934. Such special act is now Article 1182d of Vernon's Civil Statutes.

"Since the inception of this controversy between the City and County of Lubbock, it has been our contention that Ordinance 519 of the City of Lubbock was invalid because the territory supposedly relinquished was inhabited, not uninhabited, and therefore, such ordinance was in violation of Article 973, Vernon's Civil Statutes.

"However, if Article 1182d is constitutional then regardless of the original invalidity of the city ordinance, the same is now valid, and was approved and ratified by the Legislature.

"We suggest that you give this validating act of the Legislature your close scrutiny, and, if convenient, please advise me your opinion as to the above facts."

You also sent us a copy of the ordinance passed by the City of Lubbock, dated July 26, 1934, which discontinued or relinquished the particular territory now in question.

Article 973, V.C.S., is as follows:

"Whenever there exists within the
corporate limits of any city or town
organized under the general laws within
this State territory to the extent of
at least ten acres, contiguous, unin-
habited and adjoining the lines of any
such city or town, the mayor and city or
town council may by ordinance duly passed,
discontinue said territory as a part of
said city or town; and when said ordinance
has been duly passed, the mayor shall enter
an order to that effect on the minutes or
records of the city or town council; and,
from and after the entry of such order,
said territory shall cease to be a part of
said city or town."

The City of Lubbock is a home rule city and
has adopted in its charter all the powers authorized by
Article 1177, V.C.S.; therefore, Article 973, supra, is
applicable to said city.

According to your letter, the particular terri-
tory involved was inhabited and not uninhabited at the
time such ordinance was passed by the City of Lubbock,
and was not in conformity with Article 973, supra. Never-
theless, this being a question of fact and further, since
the city council passed the ordinance, it is presumed
that the city council found all the facts necessary for
its validity. As a matter of law, it is presumed to be
valid until the above facts are shown in a court trial and
the ordinance set aside.

You stated in your letter that in 1934, the City
of Lubbock was liable on several outstanding bond issues
and intimated that this might prevent the city from dis-
continuing or relinquishing the territory in question.

Insofar as we are able to ascertain, there is
nothing in the statutes or Constitution which prohibits
such a procedure and, in view of Article 973, V.C.S., we
believe that the territory may be relinquished even
though there are outstanding bond issues, if such relin-
quishment is in other respects justified. We also fail
to find any case where the Texas Courts have passed on
this particular question; however, in 43 Corpus Juris, p.
149, Sec. 130, we find the following:

"Unless authority is conferred by statute, taxes cannot be assessed or levied on land by a municipality after the land has been detached therefrom. On the other hand, taxes which were assessed, levied, or due, but not paid, at the time of the detachment of territory embracing the lands taxed may be subsequently collected by the municipality from the persons liable. While the municipality may not have the power, after the exclusion of territory, to enforce a lien on excluded land for taxes due at the time of the exclusion, the owner is not released from liability for the taxes, and his property remaining within the city may be sold for the entire tax." (Emphasis ours)

Also, in Miller v. Pineville, 89 S.W. 261, a Kentucky court passing on this same question had this to say:

"It is insisted that section 3483, Ky. St. 1903, which provides for the reduction of the territory of municipalities, is unconstitutional, because only the city or taxpayer within the territory proposed to be stricken off can make a defense or file a remonstrance, and because the defense is limited to show that the majority of taxpayers within the proposed stricken territory are against the change in the city limits, and that such a change will impose unjust burdens on the taxpayers within the territory to be stricken off. The question raised is answered by the mere statement that, if the Legislature can add to or reduce the limits of a city at will, then the power also exists to limit the defense to a proceeding instituted by authority of the Legislature to alter or change the limits of a municipality. The will of the Legislature is supreme in such matters, and as to whether it exercises its authority wisely cannot be questioned."

In view of the foregoing, it is the opinion of this Department that the territory may be relinquished by

the City of Lubbock, if the same is otherwise justified, even though there are outstanding bonds against the same. The question of the right of bond holders to subject the relinquished territory to the payment of bonds outstanding at the date of the relinquishment is not here involved.

In September 1934, the Legislature passed Article 1182d, V.C.S., as a validating statute, and if said statute is constitutional, the aforementioned ordinance being voidable only and not void, is now valid until it has been directly attacked in a Court of competent jurisdiction and found to be invalid.

Article 1182d, V.C.S., is as follows:

"That the Legislature of the State of Texas hereby validates, ratifies and approves all ordinances, relinquishing, discontinuing, and segregating any territory within the corporate limits of any Home Rule City in this state, having a population of more than twenty thousand (20,000) inhabitants and less than twenty-one thousand (21,000) inhabitants, according to the last preceding Federal census; which city has adopted a charter under Article 11, Section 5, of the Constitution of the State of Texas and the provisions of Chapter 147, Acts of the Regular Session of the 33rd Legislature of the State of Texas, passed in 1913. Acts 1934, 43rd Leg., 3rd C.S., p. 53, ch. 30, § 1."

Section 56 of Article III, of the State Constitution, provides in part as follows:

"Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . .

"Regulating the affairs of counties, cities, towns, wards or school districts;. . ."

Our question is whether Article 1182d, supra, is itself a local and special law as being repugnant to our Constitution.

The census shows that Lubbock was the only city in the State having a population of not less than 20,000 nor more than 21,000 for the year 1930. This in and of itself does not necessarily make the law a local or special one; but let us look further. Article 1182d, supra, is merely a validating statute and deals with only those ordinances which had already been passed at the time of the enactment of 1182d.

Validating statutes are only applicable to those things which have previously occurred and never deal with anything which may happen in the future. The 1930 census being the controlling factor, then only those things occurring in the interim period, i. e. those between the years 1930 and September, 1934 (date of the enactment of the statute) would be validated.

It is true that other cities may move into the particular population bracket set out in the Act. Yet, since the statute validates only those ordinances in effect prior to the time of the enactment of the statute, and, further, since a validating statute can only ratify those things already in existence at the time, it is readily apparent that the statute could never, upon any contingency, apply to any other city.

In Gray v. Taylor, 227 U. S. 51, the Supreme Court of the United States defined a local law as:

"The phrase 'local law' means, primarily, at least, a law that in fact, if not in form, is directed only to a specific spot."

In the case of City of Ft. Worth v. Bobbitt, 36 S.W. (2nd) 470, Judge Critz had this to say:

"An act which designates a particular city or county by name, or by a description so qualified that a particular city or county is plainly intended, and that no other can reasonably be expected to have the distinguishing characteristics, and whose operation is limited to such city or county, is held to be local or special."

In the case of Bexar County v. Tynan, et al, 97 S.W. (2nd) 467, the Supreme Court had this to say:

"It is well recognized that 'in deter-
mining whether a law is public, general,
special or local the courts will look to
its substance and practical operation rath-
er than to its title, form and phraseology,
because otherwise prohibitions of the fun-
damental law against special legislation
would be nugatory.'

"  .  .  .

" 'The rule is that a classification
cannot be adopted arbitrarily upon a ground
which has no foundation in difference of
situation or circumstances of the munici-
palities placed in the different classes.
There must be some reasonable relation be-
tween the situation of municipalities
classified and the purposes and objects to
be attained.  There must be something * * *
which in some reasonable degree accounts for
the division into classes.'"

When we look to the practical operation of the
Act in question, it is the opinion of this Department
that the attempted classification is so unreasonable and
arbitrary, as to indicate beyond doubt that the purpose of
the Legislature was to single out the City of Lubbock.

In view of the foregoing, you are respectfully
advised that it is the opinion of this Department that
Article 1182d is a local and special law, being in vio-
lation of Section 56, Article III, of the Constitution,
and is therefore void.  Yet, as stated before, since the
ordinance is voidable only, the same is valid until it has
been directly attacked in a court of competent jurisdiction
and found to be invalid.  Therefore, you are respectfully
advised that it is the opinion of this Department that un-
til said ordinance has been held invalid in a suit directly
attacking the same, the particular territory is not legally
a part of the City of Lubbock, and the county is under obli-
gation to purchase such right of way, if one is to be ac-
quired.

### SUMMARY

The ordinance passed by the City of
Lubbock relinquishing certain territory from
the city is voidable only and not void.  The

ordinance is valid until directly attacked in a Court of competent jurisdiction and found to be invalid.

Art. 1182d, validating certain relinquishments, is void, being in violation of Sec. 56 of Art. III of the Constitution. (City of Ft. Worth v. Bobbitt, 36 S.W. (2nd) 470; Bexar County v. Tynan, et al, 97 S.W. (2nd) 467) Yet, the ordinance passed by the City of Lubbock relinquishing certain territory not having been held invalid by court action, is presumed to be valid, and such territory is not a part of the City. The county is legally under obligation to purchase the right of way through such territory, if such right of way is to be acquired, unless such ordinance is set aside by direct court action.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:djm

APPROVED:

*Price Daniel*
ATTORNEY GENERAL